UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVE PARSONS,
    An ERISA Plan Beneficiary

                                        Case No.
    Plaintiff,                          Hon.
v.

GOODMAN TELECOM HOLDINGS, LLC HEALTH AND WELFARE BENEFIT PLAN,
an ERISA Employee Benefit Plan
    And
GOODMAN NETWORKS d/b/a GREATER TECH HOLDINGS, INC.,
    The ERISA Employee Benefits Plan Sponsor
    And
DONNA BECK, an individual Designated as Plan Administrator
    And
JOHN A. GOODMAN, CEO and Fiduciary of Goodman
    And
BLUE CROSS BLUE SHIELD OF TEXAS, An Entity Designated as Plan Insurer

    Defendants.
_____

BRYAN L. SCHEFMAN (P35435)
ALLISON ROMER (P79637)
Schefman & Associates, PC
Attorneys for Plaintiff
40900 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
(248) 594-2600 telephone
bryan@schefmanlaw.com
alromer@schefmanlaw.com

_____

# COMPLAINT

Plaintiff Eve Parsons, represented by her attorneys, Schefman & Associates, PC, by Bryan Schefman and Allison Romer, submit the Complaint as follows:

## Introduction Averments

1. This is a civil complaint brought under the laws governing ERISA §502, 29 U.S.C. 1132, and §409 of the ERISA law being 29 U.S.C. 1109, and arises from the failure of Goodman Telecom Holdings, LLC, Health And Welfare Benefit Plan (hereinafter, the "Plan"), an employee benefit plan organized under the laws of the United States, to pay for eligible, incurred, and approved benefit claims of an employee's spouse, Eve Parsons, a defined beneficiary under the Plan.

2. In concert with the officers, fiduciaries and insurer, the Plan wrongfully refused to fund the insurer administrator and pay for medical benefits incurred and that had been preauthorized and which became due shortly after January 2023.

3. It is the intent of this suit to compel Defendants, each of them, to fund the contribution required to pay the benefits due, or reimburse the Plan for the value of any assets wrongfully sheltered or removed during its bankruptcy proceeding, or reimburse plaintiff directly to pay for the medical care incurred by Eve Parsons for a surgery on 1/4/2023.

4. Parsons, or her hospital/surgical creditors, are due payment of $48,226.87 .

## Jurisdictional Averments

5. All allegations are incorporated herein as though fully set forth.

6. Plaintiff Eve Parsons was at all times a resident of the State of Michigan, Township of Bloomfield Hills, and the spouse of a retired employed beneficiary, Timothy Parsons. At all times pertinent to this Complaint, an Tim and Eva Parsons were covered beneficiaries under the Plan as employee and spouse, while residents of the State of Michigan.

7. All medical care was provided and charges incurred in the State of Michigan and all approvals by BCBS of Texas were provided to medical providers in the State of Michigan.

8. The Plan consented to the jurisdiction of this Court in conducting its business in the State of Michigan in providing coverage to Michigan residents as retirees and approving medical procedures to occur here in the State of Michigan.

9. Defendant, Goodman Networks d/b/a Greater Tech Holdings, LLC ("Goodman"), is a Texas corporation that owned and operated the Plan for the benefit of its employees, and conducted continuous, routine, and systematic business operations within the State of Michigan, offering Goodman

3

employees' health benefits coverage in the form of a self-insured health benefits plan, which Plan is governed by the ERISA laws.

10. Defendant, Donna Beck ("Beck") was at all times relevant, a Texas resident and member and officer of the Defendant limited liability company, Goodman, and as Director of Human Resources, was Administrator of the Plan and oversaw benefits for Michigan Residents, Tim and Eva Parsons, and therefore conducted continuous, routine and systematic business operations within the State of Michigan as a plan fiduciary of the Defendant ERISA Plan with eligible employees in the State of Michigan.

11. Defendant, John A. Goodman ("Goodman") was at all times relevant, a Texas resident and member and officer of the Defendant limited liability company, Goodman, and a CEO and Director of the Goodman Defendants, and was responsible for the oversight of payment of benefits for Plan beneficiaries that included Michigan Residents, Tim and Eva Parsons, and therefore conducted continuous, routine and systematic business operations within the State of Michigan as a plan fiduciary of the Defendant ERISA Plan.

12. Blue Cross Blue Shield of Texas ("BCBS"), a Texas corporation, that conducted continuous, routine and systematic business operations within the State of Michigan through a contract with Goodman Networks, and was, upon information and belief, the designated plan administrator whose contractual

4

duty it was to determine eligibility, issue preauthorization approvals, and to advance payment for the charges incurred for approved benefits, and invoice Goodman Networks for reimbursement.

13. This Court has jurisdiction pursuant to ERISA § 502(e)(1), (f), 29 U.S.C. 1132(e)(1)(2), (f), and 28 U.S.C. § 2201 and 29 U.S.C. § 1132 (a)(2) and 29 U.S.C. § 1109(a).

14. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as this case arises out of an ERISA federal question, and pursuant to 28 U.S.C. § 1332, diversity of the parties, and § 502(e)(2) of the ERISA laws, 29 U.S.C. § 1132(e)(2).

## Common Allegations

15. All allegations are incorporated herein as though fully set forth.

16. TIMOTHY PARSONS was at all times relevant, an employee of Goodman Networks d/b/a Greater Tech Holdings, LLC ("Goodman Networks"), a Telecom Business in Texas. Goodman Networks provided its employees with enrolled subscriber status in a welfare health benefit plan administered by Defendant Blue Cross Blue Shield of Texas, a licensed third-party administrator.

17. As part of the employer's benefits plan, employees benefited from a certificate of coverage for health benefits. That Plan, was upon information and belief,

5

known as the Goodman Telecom Holdings, LLC Health Benefit Plan, a self-insured plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), whose coverage extended to and included medical services for Timothy Parsons and his wife, Eve Parsons, as beneficiaries under the terms of the benefits set forth in the Defendant Employer's certificate of coverage.

18. As a part of Mr. Parson's status as an eligible employee of Goodman Network's Plan, Godman deducted and Mr. Parsons paid as co-insurance, a portion of the health benefit plan cost, as a standard deduction from salary.

19. Mr. Parsons elected for early retirement, a package that included an opt-in for participation in and coverage under the ERISA Health plan.

20. Eve Parsons suffered from chronic pain and other symptoms due to bilateral macromastia; treatment for this condition included conservative noninvasive therapies that had been tried and were paid for by the Plan, and failing non-invasive therapies, then recommended surgery, which was a covered benefit under the Goodman Telecom Plan.

21. Plaintiff complied with all Plan requirements for pre-authorization and sought all notice and pre-authorization requirements of the Defendant Plan through the Plaintiff's medical providers in conjunction with the requirements of BCBS, and, along with Botsford Hospital, had requested pre-authorization

6

codes for the services, for which was told are not required per the Defendant administrator.

22. On January 4, 2023, Eve Parsons underwent a medically necessary bilateral mammoplasty at Botsford Hospital, Farmington, Michigan.

23. Invoices for payment were submitted to BCBS timely and in accordance with lawful requirements; receipt of these invoices were acknowledged by BCBS and an Explanation of Benefits was issued, denying payment for these services which remain unpaid, as a result of the failure of Goodman Networks, and the individual Defendants to fund the requirements of BCBS and pay for properly incurred and invoiced medical services for payment for incurred charges.

24. Plaintiffs appealed the BCBS denial, and on December 11, 2023, BCBS approved the appeal; subsequently on December 18, 2023, withdrew its approval and again denied the claim.

25. It is believed, upon information and belief, that the Goodman Defendants had refused to fund the request for payment, as it had been contemplating a bankruptcy filing.

26. Goodman Networks had sought the protections of the Bankruptcy Court on or about September 9, 2022 which filing was converted to Chapter 11 on or about

December 2022, and its assets were disbursed in accordance with the terms of the Bankruptcy Court's order.

27. In dividing the company's assets in the manner undertaken, and in failing to disclose the requirement that these medical charges had been incurred and remained outstanding, these officers and plan fiduciaries failed to make required arrangements to fund the health benefit plan to the extent that it had already incurred obligations for health benefits to be paid.

28. Months before the dissolution of Goodman Networks, Plaintiff Timothy Parsons elected for an early retirement package and subsequently purchased continued health insurance coverage under an employer offered COBRA policy through Blue Cross Blue Shield of Texas, which included payments of a portion of the premiums by Parsons.

29. After many discussions with agents of BCBS, and by way of appeal, the Defendant Plan denied the claim, leaving no alternative, other than for this Plaintiff beneficiary to file suit.

30. In both the appeal process and the general attempts at resolution of this claim, Plaintiff has exhausted its administrative remedies. Any further administrative proceedings would be futile, given the fact that the Defendants have taken the assets of Goodman Networks and converted them to their own use.

31. In refusing to fund payment of the surgery in question, BCBS and Goodman Networks not only left the bills to be borne by the Plan's insureds, Eve Parsons, but also failed to advise the beneficiary of any rights, duties, and obligations to ensure payment that any one of the Defendants had, which failed to comply with the ERISA laws, and which, would have been wholly ineffective, since the issue was not eligibility or medical necessity, but funding by the self-insured employer plan to BCBS, and to reserve funds for the payment of these claims before the assets of Goodman were looted.

32. Defendants, and each of them, maintained a plan and failed to meet the notice requirement of section 1021(d) & (e)(2) & (12)(E)(2) of ERISA with respect to Parsons, and are each liable to Plaintiffs in an amount of $100 a day from the date of such failure to pay, and such other relief as the Court deems proper, including but not limited to attorney fees, most unjustly sustained.

33. The certificate of coverage, also known as the Summary Plan Description, are in the possession of the Defendants so that attachment of that ERISA plan to this complaint is not required.

## Count I

### Action Under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) to Recover Benefits

34. All allegations are incorporated herein as though fully set forth.

9

35. The refusal to reimburse or pay Plaintiff's health care benefits was in direct violation of the terms of the Plan vis-à-vis its enrollees and beneficiaries.

36. The Defendants' failure to provide plaintiff's benefits under the Plan, and in refusing to render an accounting of such benefits, and to pay for all undisputed compliant services, constitutes a violation of all of Defendants' obligations set forth above, and constitutes violations of the certificate of coverage.

WHEREFORE, Plaintiffs seek to compel the recovery of plan assets to funds the Plan and recover benefits due to Plaintiffs under the Plan and enforce rights granted under the Plan, and such legal and equitable damages as may be allowed by law, including penalty fines of $100.00 per day, and attorney fees as allowed under the ERISA laws.

## Count II

### Action Under ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3), to Remedy Breach of Fiduciary Duty

37. All allegations are incorporated herein as though fully set forth.

38. Pursuant to ERISA § 404(a), 29 U.S.C. § 1104(a), BCBS and/or Goodman Networks, and/or its officers were Plan fiduciaries, so that the Defendants, and each of them, had as their obligation the discharge of their duties with

respect to the Plan solely in the interest of the Plan participants/beneficiaries consistent with the provisions of Titles I and IV of ERISA.

39. The Defendants' failure to provide plaintiff's benefits under the Plan, and in refusing to render an accounting of such benefits constitute a violation of all of fiduciary duties set forth herein and within the Plan.

40. Defendants, and each of them, maintained a plan and failed to meet the notice requirement of section 1021(d) & (e)(2) & (12)(E)(2) of ERISA with respect to Parsons, and are each liable to Plaintiffs in an amount of $100 a day from the date of such failure to pay, and such other relief as the Court deems proper, including but not limited to attorney fees, most unjustly sustained.

WHEREFORE, Plaintiffs seek to compel the recovery of plan assets to funds the Plan and recover benefits due to Plaintiffs under the Plan and enforce rights granted under the Plan, and such legal and equitable damages as may be allowed by law, including penalty fines of $100.00 per day, and attorney fees as allowed under the ERISA laws.

## Count III

### Personal Liability of Officers and Fiduciaries

41. All allegations are incorporated herein as though fully set forth.

42. Donna Beck, as an officer of Goodman Networks and Plan fiduciary, had as her obligation the discharge of duties with respect to the Plan solely in the interest of the Plan participants/beneficiaries consistent with the provisions of Titles I and IV of ERISA.

43. John A Goodman, as an officer of Goodman and Plan fiduciary, had as his obligation the discharge of duties with respect to the Plan solely in the interest of the Plan participants/beneficiaries consistent with the provisions of Titles I and IV of ERISA.

44. Beck and Goodman exercised discretionary authority over the Goodman Defendants and its assets and payment of obligations, and had discretionary control over allowed claims, plan management, and the management and dissipation of assets when contributions to the Plan were required for incurred claims.

45. Beck and Goodman failed in their duties and held, retained, or disposed of the assets of the Goodman companies in a manner that deprived the Plan of the ability to satisfy its debts.

46. The Defendants' failure to provide plaintiff's benefits under the Plan constitutes a violation of all of fiduciary duties required within the Plan and ERISA laws.

47. Under the circumstances involving the dissolution of Goodman Networks and the depletion of its assets and distribution to successor entities owned by each of the Defendants, the Defendant Fiduciary are personally liable under the ERISA laws, pursuant to 29 U.S.C. § 1109.

WHEREFORE, Plaintiffs seek to compel the recovery of plan assets to funds the Plan and recover benefits due to Plaintiffs under the Plan and enforce rights granted under the Plan, and such legal and equitable damages as may be allowed by law, including penalty fines of $100.00 per day, and attorney fees as allowed under the ERISA laws.

## COUNT IV
## Breach of Contract

48. All allegations are incorporated by reference.

49. Plaintiffs were Plan beneficiaries and enrollees of Defendant's Plan and Certificate of Coverage which document is in the possession of the Defendants.

50. The terms of the Certificate of Coverage were fully complied with, and Plaintiff to provide the services rendered in the manner undertaken as approved d payment was due under the terms of the Plan.

51. All premium contributed in payment of the plan beneficiary, Plaintiff Parsons, were paid by him and the Certificate of Coverage was in full force and effect.

52. Defendants, and each of them, have failed and refused to pay under the terms of the authorized contract and the contracts governing their own performance in payment of plan benefits, taken the funds that would have constituted payments, and diverted the funds to themselves.

53. Defendant has therefore breached the contract and is indebted to the Plaintiff for that breach and all damages incurred as a result.

54. Plaintiffs have suffered damages in medical costs for facility charges and professional services expended without compensation in the amount of $48,226.87, for the hospital facility fees due to Botsford Hospital.

WHEREFORE, Plaintiffs seek to compel the recovery of plan assets to funds the Plan and recover benefits due to Plaintiffs under the Plan and enforce rights granted under the Plan, and such legal and equitable damages as may be allowed by law, including penalty fines of $100.00 per day, and attorney fees as allowed under the ERISA laws.

## Relief Requested

PLAINTIFF REQUESTS that the Court grant the following relief:

A. An order compelling Defendants to reimburse the Plan for the value of the wrongfully taken assets to the Plan;

B. A judgement for the full amounts due for all health care benefits incurred, including interest on all unpaid benefits in the amount of $48,226.87.

C. A judgement for reasonable attorney fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

D. A judgement for appropriate fines of $100.00 per day for the failure to provide notice as required under the ERISA law;

E. Such other relief as may be just and appropriate.

Respectfully submitted,

  /s/ Bryan L. Schefman
BRYAN L. SCHEFMAN (P35435)
ALLISON ROMER (P79637)
Schefman & Associates, PC
Attorneys for Plaintiff
40900 Woodward Ave., Ste. 305
Bloomfield Hills, MI 48304
(248) 594-2600 telephone
bryan@schefmanlaw.com
alromer@schefmanlaw.com

Dated:  July 29, 2024